IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEVIN JONES                                                                                          PLAINTIFF

V.                                         4:11CV00889 JMM

MARK FROST, GARY DUNN,
and JAMES BACON                                                                          DEFENDANTS

**ORDER**

Pending is Separate Defendant Gary Dunn's motion to dismiss.  (Docket # 64).  Plaintiff has filed a response and Dunn has filed a reply.  For the reasons set forth below, Dunn's motion is denied.

I.        Facts as alleged in the Amended Complaint

On December 15, 2005, Nona Dirksmeyer, a nineteen year old Arkansas Tech University student, was attacked and murdered in her apartment in Russellville, Arkansas.  In 2006, Plaintiff, who had been dating Ms. Dirksmeyer at the time of her death, was charged with her murder.  Plaintiff went to trial and was acquitted.  Plaintiff alleges that the Defendants violated his Fifth, Sixth, and Fourteenth Amendment rights by conspiring to withhold evidence and falsify information in an effort to have Plaintiff prosecuted for the murder of Ms. Dirksmeyer.[1]

Defendant Mark Frost was the Russellville Police Department's lead criminal investigator on the Dirksmeyer murder and Defendant James Bacon was the Chief of the Russellville Police Department.  Plaintiff alleges that Defendant Gary Dunn was the person who actually attacked and murdered Dirksmeyer.  Plaintiff alleges that Dunn, Frost, Bacon and the City engaged in a conspiracy with a common purpose of protecting Dunn from prosecution in order to have Plaintiff

---

[1] Plaintiff's claims against Defendants Frost and Bacon based on the Fifth and Sixth Amendments were dismissed by Order dated June 25, 2012 (docket entry 44).

prosecuted for the murder[2].

    II.    <u>Motions to Dismiss</u>

Defendant Dunn argues that Plaintiff's amended complaint should be dismissed because he failed to state a claim on which relief can be granted and because his claims are barred by the statute of limitations.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* It is not, however, a "probability requirement." *Id.* Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

    A.    <u>Conspiracy Claims</u>

Plaintiff specifically alleges that the defendants engaged in a conspiracy with a common purpose of protecting Dunn from prosecution in order to have the Plaintiff prosecuted for the murder. Plaintiff alleges that during the Dirksmeyer murder investigation, Defendant Dunn knowingly made false statements to support a false alibi that he was away from Nona's apartment complex during the established time interval when Nona was murdered. Frost investigated the alibi of suspect Gary Dunn and conclusively determined that it was false. However, Frost lied to

---

[2]Dunn was subsequently charged with the murder of Nona Dirksmeyer resulting in two trials both declared mistrials because the juries were unable to reach a verdict.

Prosecutor David Gibbons telling Gibbons that he had confirmed Dunn's alibi. Frost further convinced Dunn's polygrapher to slant his finding in Dunn's favor in order to deflect prosecutorial focus from Dunn. Frost falsely informed the prosecutor that an FBI Behavioral Science team report supported Frost's conclusion that Plaintiff staged the Dirksmeyer crime scene. Frost purposely failed to obtain DNA testing of the condom wrapper found at the crime scene that excluded Plaintiff and was later found to have Dunn's DNA on it. Frost did not cooperate with a subsequent Arkansas State Police investigation by refusing to produce his investigative notes that contained proof of Dunn's false alibi. Plaintiff also alleges that Chief Bacon knew Dunn's alibi was false but did not advise the prosecutor. Chief Bacon purposely failed to secure a Lowe's video surveillance tape that would have confirmed that Dunn's alibi was false and Bacon pressured the prosecutor to file a murder charge against Plaintiff. After Plaintiff's acquittal and Dunn's DNA was identified on the crime scene condom wrapper, it was learned that the polygraph data and other information had been reviewed by Dr. Richard Poe, a polygraph authority who had trained Glover. Dr. Poe opined that Dunn caused the death of Nona Dirksmeyer. Plaintiff claims that the Defendants did not release the opinion of Dr. Poe. Plaintiff also claims that following the Plaintiff's acquittal the entire Russellville Police Department refused to assist the Arkansas State Police investigation of Dunn.

To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999). "[A] private actor can be liable 'under § 1983 for conspiring with state officials to violate a private citizen's right[s]....' The key inquiry is whether the private party was a willful participant in the corrupt

conspiracy." *White v. McKinley,* 519 F.3d 806, 816 (8th Cir. 2008), citations omitted. To prevail on a conspiracy claim, "the plaintiff need not show that each participant knew 'the exact limits of the illegal plan ...,' but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *White*, 519 F.3d at 816 (quoting *Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir.1996)).

Viewing the facts as alleged in the Complaint as true as the Court must at this stage of the litigation, the Court cannot say that Plaintiff has failed to allege facts which support his conspiracy claim. Therefore, Dunn's Motion to Dismiss Plaintiff's Conspiracy claim is denied.

B.   Statute of Limitations

The Court has previously held that Plaintiff sufficiently pled facts which would constitute concealment of the evidence by the Defendants and which would support the tolling of the statute of limitations. At this time, the Court must construe Plaintiff's allegations as truthful. Therefore, the Court finds that Plaintiff has set forth sufficient facts to withstand the Defendant's motion to dismiss based upon the statute of limitations.

C.   Malicious Prosecution Claims

In order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Brooks v. First State Bank, N.A.,* 2010 Ark. App. 342, 5, 374 S.W.3d 846, 849 (2010). In *South Arkansas Petroleum Co. v. Schiesser*, 343 Ark. 492, 36 S.W.3d 317(2001) and *Larsen v. Family Dollar Stores of Arkansas, Inc.*, 2005 WL 2767193(Ark. App. 2005) the Supreme Court of Arkansas and Arkansas Court of Appeals examined when a private person could be responsible for the "institution of proceedings"

as required to satisfy the first element of a malicious prosecution claim. The Courts examined comment *g* to the Restatement (Second) of Torts, § 653 (1977). Comment *g* explains the culpability of a private person who gives a public official information of another's supposed criminal misconduct. However, comment *g* states:

> In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must therefore appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, **or that the information furnished by him upon which the official acted was known to be false.**

Here, Plaintiff does not allege that Dunn specifically accused Jones of the murder, but instead provided false information about his own actions which he knew to be false and which led to the prosecution of Plaintiff. Viewing the facts as alleged in the Amended Complaint as true, as the Court must do at this stage of the proceeding, the Court finds that Plaintiff has stated sufficient facts to support a claim for malicious prosecution against Dunn.

III.   Conclusion

The motion to dismiss filed by Gary Dunn (docket no. 64) is DENIED.

IT IS SO ORDERED this 18th day of January, 2013.

_____
James M. Moody
United States District Judge